## Lock Haven Poor District, Plff. in Err., *v.* Chapman Township Poor District.

A pauper, bound as an apprentice by indenture which contains a clause of indemnity of which only the district binding him can take advantage, cannot by residing for a year with his master in another district acquire, by virtue of the act of June 13, 1836, a settlement in the latter district.

(Argued March 14, 1888.   Decided April 23, 1888.)

July Term, 1887, No. 147, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Quarterly Sessions of Clinton County to review a judgment discharging an order for the removal of a pauper, February Session, 1886, No. 16.   Affirmed.

Upon discharging the order the court, MAYER, P. J., filed the following opinion, in which the facts are stated:

Clara Hoffman was a pauper and chargeable to the poor district of the city of Lock Haven. On the 29th day of March, 1884, the overseer of the poor of the city of Lock Haven, under the provisions of the 8th section of the act of assembly of June 13, 1836, entered into an indenture of apprenticeship with one

---

Cited in Lawrence v. Delaware, 148 Pa. 380, 383, 23 Atl. 1124.

NOTE.—Under § 9 of the act of June 16th, 1836, a duly bound apprentice may gain a settlement in another district, but it must appear that the contract of apprenticeship was a valid one.   Northampton County v. Lehigh County, 7 Northampton Co. Rep. 91; Pine Twp. v. Franklin Twp. 4 Pa. Dist. R. 715.

W. G. Keller, of Renovo, in the said county, by the terms of which the said Clara Hoffman was put out as an apprentice to the said Keller. After the said Clara had rendered service under said indenture for a time, Keller removed from Renovo to the township of Chapman, where the said pauper lived with Keller for more than a year.

Shortly before the order of removal was taken out, *viz.,* March 16, 1886, the pauper was brought to Lock Haven by Keller and left with B. J. Crowley, the overseer of the poor of the city of Lock Haven, who procured an order of removal and removed the pauper to the township of Chapman, alleging that she was chargeable to the said township, by reason of having acquired a settlement under the 9th section of the act of June 13, 1836, which provides that a settlement may be gained in any poor district "by any person who shall be duly bound an apprentice by indenture and shall inhabit in the district, with his master or mistress, for one whole year."

At the time the said Clara Hoffman was bound as an apprentice, she was a pauper chargeable to the poor district of the city of Lock Haven, and was living in the township of Chapman and rendering service there, under the indenture of apprenticeship entered into by the overseer of the poor of the city of Lock Haven. Under these circumstances, she could not acquire a settlement in the township of Chapman, and the order of removal was improperly granted.

"A person who is chargeable to, and receiving aid as a pauper from, one district cannot acquire a settlement in another so long as that relation exists." Lewisburg v. Milton, 18 W. N. C. 141; Washington Twp. v. East Franklin Twp. 3 Pennyp. 108.

The appellee has requested us to find, *inter alia,* from the evidence:

"3. If the contract of March 29 was duly executed, and the said pauper in pursuance thereof lived with the said Keller for one whole year and upwards, then, as a matter of law, the said pauper acquired a settlement in the township of Chapman, and she is properly chargeable thereto. The order of removal must therefore be dismissed."

In answer to the third request, we find that by virtue of said contract of March 29, 1884, the said pauper did not acquire a settlement in the township of Chapman, for the reasons already given.

The order of removal is therefore discharged at the costs and charges of the city of Lock Haven.

The assignment of error specified the answer to the third point.

The indenture was as follows:

"This indenture, made the 29th day of March, in the year of our Lord, 1884, Witnesseth: That B. J. Crowley, overseer of the poor of the city of Lock Haven, in the county of Clinton, has put and placed, and by virtue of an act of this state entitled 'An Act for the Relief of the Poor' does hereby, with the approbation and consent of H. L. Dieffenbach and Orrin T. Noble, two aldermen for the said city, put and place Clara Hoffman, a poor child of said city, apprentice to W. G. Keller, of Renovo, county aforesaid, with him to dwell and serve, from the day of the date hereof until the full end and term of fourteen years; during all of which term the said Clara Hoffman her said master faithfully shall serve, in all lawful business, according to her power and ability, and honestly and obediently in all demean and behave herself towards her said master during the said term. The said W. G. Keller does covenant and agree, for himself, his executors and administrators, to and with the said B. J. Crowley, overseer aforesaid, and his successors for the time being, and every of them, by these presents, as follows: That he, the said W. G. Keller, shall and will teach and instruct, or cause to be taught and instructed, in sewing, knitting and housewifery, and in reading, writing, and other usual branches of a common school education; and shall and will, during the said term, find, provide, and allow her sufficient meat, drink, apparel, lodging, and washing, and all other necessaries; and also shall and will so provide for the said Clara Hoffman that she may be not in any wise a charge or chargeable to the said city, or to the inhabitants of the same, but from all charges concerning her shall and will save the said city, and the inhabitants thereof, harmless and indemnified during the said term; and at the expiration thereof shall and will, at his own charge, give and allow the said Clara Hoffman two suits of apparel, one whereof shall be new."

It was duly executed, witnessed and approved by two aldermen of Lock Haven.

*C. S. McCormick* for plaintiff in error.

*W. C. Kress* for defendant in error.

PER CURIAM:

As between the poor district of Lock Haven and B. J. Crowley, the indenture of March 29, 1884, was a contract for the maintenance of Clara Hoffman, the pauper; and to enforce this there was incorporated a clause of indemnity, of which none but the said district could avail itself. We must, therefore, agree with the court below that this is not such an apprenticeship as, under the act of assembly, is sufficient to create a new settlement.

The order of the Quarter Sessions is affirmed.